| | | |
|---|---|---|
| FRANCESCA KOSLOV, Individually<br>And FRANCESCA AND DANIEL KOSLOV<br>As Husband and Wife<br>1015 Oronoco Street<br>Alexandria, VA 22314 | * <br> * <br> * | IN THE UNITED STATES<br><br>DISTRICT COURT FOR THE |
| Plaintiffs | * | DISTRICT OF |
| v. | * | MARYLAND |
| THOMAS EDWARD CLINCH, M.D.<br>Eye Doctors of Washington<br>2 Wisconsin Circle, Suite 200<br>Chevy Chase, MD 20815 | *<br>*<br>* | Case No: _____ |
| And | * | |
| EYE DOCTORS OF WASHINGTON, P.C.<br>2 Wisconsin Circle, Suite 200<br>Chevy Chase, MD 20815 | * | |
| Serve On:<br>Thomas Edward Clinch, M.D.<br>Resident Agent<br>11615 Springridge Road<br>Potomac, MD 20854 | *<br>*<br>* | |
| And | * | |
| EYE DOCTORS OF WASHINGTON LASER CENTER, LLC<br>2 Wisconsin Circle, Suite 200<br>Chevy Chase, MD 20815 | * <br> * | |
| Serve On:<br>Thomas Edward Clinch, M.D.<br>Resident Agent<br>11615 Springridge Road<br>Potomac, MD 20854 | *<br>*<br>* | |
| Defendants | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

Plaintiffs, Francesca Koslov, Individually, and Francesca and Daniel Koslov, as husband and wife, by and through their attorneys, E. Dale Adkins, III, Emily C. Malarkey,

and Salsbury, Clements, Bekman, Marder & Adkins, LLC, sue the Defendants, Thomas Edward Clinch, M.D., Eye Doctors of Washington, P.C., and Eye Doctors of Washington Laser Center, LLC, and state as follows.

## Jurisdiction and Venue

1. The Plaintiffs Francesca and Daniel Koslov are residents of the State of Virginia.

2. The Defendant Thomas Edward Clinch, M.D. (Dr. Clinch), is a health care provider licensed in the State of Maryland and in the District of Columbia. Dr. Clinch is a resident of the State of Maryland. He practices medicine in the State of Maryland and the District of Columbia.

3. The Defendant Eye Doctors of Washington, P.C. is a Maryland corporation with its principal place of business in the State of Maryland.

4. The Defendant Eye Doctors of Washington Laser Center, LLC is a Maryland corporation with its principal place of business in the State of Maryland.

5. The amount of this claim exceeds seventy-five thousand dollars ($75,000).

6. Jurisdiction exists on account of diversity of citizenship pursuant to 28 U.S.C. §1332.

7. Venue is proper in the United States District Court for the District of Maryland.

8. Plaintiffs previously filed a Statement of Claim in the Maryland Health Care Alternative Dispute Resolution Office of Maryland with a Certificate of Qualified Expert and Report authored by Jack Dugan, M.D. Plaintiffs elected to waive arbitration. Copies of Dr.

Dugan's Certificate of Qualified Expert and Report and the Order of Transfer from HCADRO are attached as Exhibits 1 and 2.

**Factual Background**

9.  Plaintiffs adopt and incorporate Paragraphs 1 through 8 as if fully set forth herein.

10.  At all relevant times, Thomas Edward Clinch, M.D., held himself out to the Plaintiffs, and to the general public, as an experienced, competent and able physician and/or health care provider possessing or providing that degree of skill and knowledge which is ordinarily possessed by those who devote special study and attention to the practice of medicine, particularly ophthalmology and LASIK laser vision surgery, and as such, had a duty to the Plaintiffs to render that degree of care and treatment which is ordinarily rendered by those who devote special study and attention to the practice of medicine, particularly ophthalmology and LASIK laser vision surgery.

11.  At all relevant times, Eye Doctors of Washington, P.C. and Eye Doctors of Washington Laser Center, LLC, held themselves out to the Plaintiffs, and to the general public, as experienced, competent and able medical facilities employing or otherwise retaining health care providers, including ophthalmologists, optometrists, and laser surgery technicians, possessing or providing that degree of skill and knowledge which is ordinarily possessed by those who devote special study and attention to the practice of medicine, particularly ophthalmology, optometry and LASIK laser surgery, and as such, had a duty to the Plaintiffs to render that degree of care and treatment which is ordinarily

rendered by those who devote special study and attention to the practice of medicine, particularly ophthalmology, optometry and LASIK laser surgery.

12. At all relevant times, Thomas Edward Clinch, M.D. was an employee, servant, agent and/or apparent agent of Eye Doctors of Washington, P.C. and/or Eye Doctors of Washington Laser Center, LLC, and was acting in the scope of said employment or agency.

13. In the fall of 2010, Francesca Koslov came under the care of Thomas Edward Clinch, M.D. (Dr. Clinch) to explore the possibility of undergoing LASIK laser vision correction surgery. LASIK laser vision correction surgery is an outpatient procedure that utilizes laser technology to change the shape of the cornea to correct refractive errors of the cornea, thereby correcting conditions such as near- and farsightedness.

14. At the time of his initial evaluation, Dr. Clinch determined that Ms. Koslov was nearsighted (meaning she could see things nearby better than things far away) and that her specific contact lens prescription was approximately – 5.00 in her right eye and – 5.00 in her left eye.

15. After consultation with Dr. Clinch, Ms. Koslov elected to undergo the LASIK surgery, which was scheduled for January 7, 2011 at Eye Doctors of Washington's Chevy Chase office. The plan for Mrs. Koslov's LASIK surgery was to perform "monovision" surgery, wherein one eye would be corrected for use visualizing close objects and the other eye would be corrected for use visualizing far objects.

16. Because Mrs. Koslov was nearsighted and therefore had a negative prescription, the LASIK laser should have been programmed to negative values for both eyes to achieve the proper amount of correction.

17. Immediately before Mrs. Koslov's January 7, 2011 LASIK surgery, Dr. Clinch or another employee or agent of Eye Doctors of Washington programmed the LASIK laser to positive values instead of negative values for both eyes. The surgery proceeded, each eye separately, without Dr. Clinch or any other employee or agent of Eye Doctors of Washington observing that the laser had been inappropriately programmed in both eyes.

18. Because the LASIK surgery was performed with the laser set for positive values instead of negative ones, instead of correcting Mrs. Koslov's vision, which was the intent of the LASIK surgery, she was rendered twice as nearsighted as she was before the surgery in both eyes.

19. Indeed, the day after the surgery, Mrs. Koslov was in severe pain and she could not see. At a follow-up visit, she indicated to both Dr. Clinch and his optometrist, Dr. Jason Ludwig, that she could not see.

20. Later that same day, Mrs. Koslov received a call from Dr. Clinch, who apologized to her and explained that the LASIK laser had been programmed with the wrong prescription. Indeed, Dr. Clinch wrote in Mrs. Koslov's medical record that an "improper treatment plan [was] input into laser" and that an "incorrect laser correction [was] performed, that human error occurred with Rx (+) rather than (-)."

21. Following the erroneous surgery of January 7, 2011, Dr. Clinch attempted to correct Mrs. Koslov's vision by prescribing glasses and contact lenses. Despite these efforts, which persisted for about a year, and despite additional attempts by other ophthalmologists and optometrists with whom Mrs. Koslov has consulted following the erroneous surgery by Dr. Clinch, Mrs. Koslov's vision has not been, and cannot be, successfully and adequately corrected.

22. Indeed, Mrs. Koslov's vision has been permanently and irreparably damaged. She has aberrations and scarring of the cornea. Her daytime vision fluctuates on a daily basis. Glasses help with reading, but do not offer complete correction. Her eyes get tired and her vision gets blurry as the day goes on. She experiences significant dryness in her eyes that requires medication and moisturizing drops. Most dramatically affected is Mrs. Koslov's nighttime vision, which is very poor. She experiences blurriness, haziness, and halos around light sources. These difficulties prevent Mrs. Koslov from being able to drive at night and limit her nighttime activities.

23. Many of Mrs. Koslov's current difficulties were summarized by Dr. Clinch's optometrist, Dr. Ludwig, who wrote as recently as January of 2012 in her medical record that "[w]hile multitudes of trial and error contact lens prescriptions have made her overall vision nominally tolerable, significant vision problems remain, none of which existed prior to the surgery. They include: astigmatisms in both eyes, severely degraded night vision (characterized by overwhelming 'halos' which prevent her from driving at night among other things), dry eye syndrome in both eyes, and prolonged inability to focus after awakening in the morning."

## Count I
## (Negligence – Francesca Koslov Individually)

24. Plaintiffs adopt and incorporate Paragraphs 1 through 23 as if fully set forth herein.

25. Dr. Clinch and other unknown agents, servants, employees or apparent agents of Eye Doctors of Washington, P.C. and/or Eye Doctors of Washington Laser Center, LLC who were present before and/or during Mrs. Koslov's LASIK laser correction surgery, were negligent and careless in the following manners:

    a. By improperly programming the LASIK laser to positive values instead of negative ones in both eyes;

    b. By failing to recognize that the LASIK laser was improperly set to positive values instead of negative values prior to the start of the surgery in both eyes;

    c. And in other ways.

26. As a result of the negligence of the Defendants and their agents, servants, employees and/or apparent agents, Francesca Koslov was caused to suffer from painful and permanent physical injury to her eyes and eyesight. She has been caused to incur medical bills, lost time from her job, and has suffered other financial losses. She has been caused to suffer from emotional and psychological damage, and other non-economic losses.

WHEREFORE, the Plaintiffs, Francesca Koslov, claims damages in an amount to be determined by a jury.

## Count II
### (Loss of Consortium – Francesca and Daniel Koslov)

27. Plaintiffs adopt and incorporate Paragraphs 1 through 26 as if fully set forth herein.

28. At all relevant times, Francesca and Daniel Koslov are and were husband and wife.

29. As a result of the negligence of the Defendants, including their agents, servants, employees and apparent agents, Francesca and Daniel Koslov have been caused to suffer damage to their marital relationship, including loss of society, affection, assistance and other loss of consortium.

WHEREFORE, the Plaintiffs, Francesca and Daniel Koslov, as husband and wife,

claim damages against the Defendants in an amount to be determined by a jury.

*[signature: Emily Malarkey]*
E. Dale Adkins III
Emily C. Malarkey
Salsbury Clements Bekman Marder &
   Adkins LLC
300 W. Pratt Street, Suite 450
Baltimore MD 21201
410.539.6633
*Attorneys for Plaintiffs*